UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES KEITH YOUNG,<br>*Petitioner*,<br><br>v.<br><br>JENNIFER REIS,<br>*Respondent*. | Civil No. 3:22-cv-985 (OAW)<br><br><br><br><br><br>MAY 18, 2023 |

## RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner James Keith Young, a pretrial detainee with pending criminal matters in state court, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pretrial confinement. In response to the court's order to show cause, Respondent filed a motion to dismiss the petition on three grounds: (1) Petitioner did not exhaust his state court remedies on any ground for relief, (2) the claims are frivolous, and (3) the court should exercise abstention under *Younger v. Harris*, 401 U.S. 37 (1971). For the following reasons, the motion to dismiss hereby is **GRANTED**.

I. Background

Petitioner is incarcerated because he was unable to post bond on six pending criminal matters in the Judicial District of Fairfield.[1] In this petition, he appears to challenge the fact of his confinement, rather than the charges in any particular case. *See*

---

[1] Case Nos. F02B-CR18-0306037-S, F02B-CR19-0306563-S, F02B-CR20-0336572-S, F02B-CR20-0337428-S, F02B-CR21-0342312-S, and F02B-CR22-0346078-S.

ECF No. 1 ("Pet.") ¶ 5 ("The court had/has no jurisdictional authority to force me into their courts, to detain me, or to have me arrested."). Petitioner elaborates that his claim is based on "[u]nreasonable bond, and unlawful incarceration, done without subject or in personam jurisdiction[.]"

Petitioner commenced this action by petition filed on August 3, 2022. He asserts nine grounds for relief: (1) "Right to self-determination per the International Covenant on Civil and Political Rights," (2) "Lack of jurisdictional authority; in personam," (3) "Lack of jurisdictional authority subject matter," (4) "Lack of citizenship jurisdiction; parents patria," (5) "Violation of the speedy trial act," (6) "Violation of each individual's oath of office," (7) "Federal Constitutional Violations," specifically the Eleventh Amendment, (8) "State of Connecticut Constitution due process, specifically the speedy trial act," and (9) "Violation of the federal public laws, specifically title 18 242-243 color of law crimes and 1981-1989 rights violations." Pet. ¶ 13.

II. Discussion

Respondent moves to dismiss the petition on three grounds: failure to exhaust state court remedies, frivolous claims, and abstention.

A. Exhaustion of State Court Remedies

Before filing a petition for writ of habeas corpus in federal court, a state prisoner must exhaust all state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). He must present the essential factual and legal bases for his federal claims to each appropriate state court, including to the highest state court capable of reviewing them, in order to afford the state courts a full and fair "opportunity to pass

upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ... correct a constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state courts or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 29 U.S.C. § 2254(b)(1)(B). However, a petitioner may not simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005).

To properly exhaust his claim, the petitioner must present the factual and legal bases of the claim to the state court. *See Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in the state court all of the essential factual allegations asserted in his federal petition; if material allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citation omitted).

Petitioner is a pretrial detainee and has filed his habeas petition pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254. *See Nieves v. Farber,* No. 1:20-CV-0990(LJL), 2020 WL 129454, at *3 (S.D.N.Y. Mar. 30, 2020) ("A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody

as unlawful under the Constitution or federal law."); *accord Rivera v. Connecticut*, No. 3:20-cv-860(OAW), 2022 WL 124248, at *2 (D. Conn. Jan. 13, 2022) ("district courts in the Second Circuit have liberally construed section 2254 petitions filed by pretrial detainees as having been filed under 28 U.S.C. § 2241(c)(3) which affords habeas relief to a person 'in custody in violation of the Constitution or laws or treaties of the United States").

"While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *Petties v. Riviezzo*, No 20-CV-350(ALC), 2020 WL 6748528, at *2 (S.D.N.Y. Oct. 2, 2020) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) (internal quotation marks omitted)); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (requiring exhaustion of state court remedies prior to filing section 2241 petition challenging detention on pending criminal charges pursuant to state detainer).

For pretrial detainees, exhaustion requires seeking habeas corpus relief in state court and appealing to the Supreme Court of Connecticut. "A petitioner who has not exhausted available State court or administrative remedies may only seek a writ of habeas corpus pursuant to § 2241 if: (1) he established cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that failure to consider his claims will result in a fundamental miscarriage of justice." *Smith v. New Haven Superior Court*, No. 3:20-c-00744(KAD), 2020 WL 4284565, at *4 (D. Conn. July 27, 2020) (citation and internal quotation marks omitted). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within

4

the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

On the petition form, Petitioner only asserts that he presented his first three grounds in all appeals that were available to him.  Pet. at 6-7, 9.  He did not attest to raising ground four in state appeals, and in response to a prompt to list any grounds not presented on state appeal (and to explain such failure), Petitioner asks that the court, "Please see attached grounds 5-9" (none of which affirmatively states whether such claim was presented on state appeal).  *Id.* at 7.  Petitioner also states that on July 22, 2022, he filed an appeal challenging the state court's action from May 23, 2022, *id*. at 2, and that he filed two additional appeals on that same date of July 22, 2022.  *Id.* at 3.  Petitioner cannot have properly exhausted his state court remedies through an initial motion and two appeals all filed on the same day.  Additionally, Petitioner commenced this action on August 3, 2022, twelve days after his July 22 motion.  Thus, even if he did file the motion, there was insufficient time for the courts to have respond before he filed his petition.

Respondent refers the court to copies of the certified files of the Clerk for each state case and notes that the files do not indicate that any motions relating to exhaustion of state court remedies were filed on July 22, 2022, or at any other time.  In response to the motion to dismiss, Petitioner does not address the exhaustion issue.  Instead, he argues that the state courts lack jurisdiction over him.

The court concludes that Petitioner has not exhausted his state court remedies by going through one complete round of the state appellate review process on each of his claims before commencing this action.  Nor has he: shown that he lacked the opportunity to obtain redress in the state courts; established cause for his failure to exhaust (and

5

established cause for any resulting prejudice); or shown that the failure to consider his claim will result in a fundamental miscarriage of justice. *See Duckworth*, 454 U.S. at 3 (exception to exhaustion requirement "is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"). Accordingly, the petition is dismissed for failure to exhaust state court remedies.

    B. <u>Frivolous Claims</u>

The Antiterrorism and Effective Death Penalty Act of 1996 gave district courts the discretion to deny a petition for writ of habeas corpus on the merits "notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State." *Stover v. Ercole*, No. 08 Civ. 6737(SAS), 2011 WL 814710, at *5 (S.D.N.Y. Mar, 8, 2011) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1989)). Many district courts have elected to exercise this discretion and to "deny unexhausted claims that are' patently frivolous.' The Supreme Court has noted that 'plainly meritless' claims should be denied on the merits rather than dismissed for failure to exhaust." *Id.*

Respondent notes that, in grounds 1-4, 6, and 7, Petitioner challenges the authority of the state, state courts, and state personnel, to detain him based on warrants charging him with the commission of various crimes, and he argues that these claims are legally frivolous. In the first ground, Petitioner contends that his prosecutions violate his rights under the International Covenant on Civil and Political Rights. In the second through fourth grounds, he argues that the state court lacks personal, subject matter, and citizenship jurisdiction over him. In the sixth ground, Petitioner argues that unidentified state officials violated their oaths of office by failing to "uphold the rights of men." Pet. at

9. And in the seventh ground, Petitioner argues that, as a citizen of a foreign state, the Eleventh Amendment precludes his prosecution in a United States court.

In opposition to the motion to dismiss, Petitioner describes himself as a "non-corporate entity or animal (hereinafter I, me, myself), a man, Am in the image of the living Spirit Yahweh the Flesh and Blood Original Man." ECF No. 14-1 at 2. He denies the existence of, *inter alia*, the United States, United States District Court, United Nations, State of Connecticut, Internal Revenue Service, all state counties, various municipalities, Connecticut's Superior Court, any "all CAPS NAME OR REFERENCE," addresses and zip codes, and the State of Connecticut. *Id.* He argues that he "cannot appear and plead" because he is not a corporation, and Petitioner denies that he is a "United States Person, United States Resident, U.S. Citizen, U.S. Individual, U.S. Corporation, or citizen subjected to [its] jurisdiction." *Id.* at 4 (internal quotations omitted). And in Petitioner's "Affidavit of Sovereignty," he states: "I am one of We, the People," "I am a state citizen, a/k/a state of the Union citizen," "I am a citizen of the Kingdom of God," and that he is "a non-resident alien, foreign in regards to the UNITED STATES and the STATE OF CONNECTICUT CORPORATIONS". ECF No. 14-4 at 2.

Petitioner fails to provide a clear label for his professed citizenship, but it appears that he believes, as often is true of those who consider themselves "sovereign citizens," that he should not be subject to governmental authority. *See, e.g., United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order) ("The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."); *Gravatt v. United States,* 100 Fed. Cl. 279, 282 (2011) ("So-called sovereign citizens

7

believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.").

Many district courts, including courts within this district, have dismissed jurisdictional challenges from "sovereign citizens" as patently frivolous. *See, e.g., Campbell v. Mulligan*, No. 3:19-CV-00540(AWT), 2021 WL 3173021 (D. Conn. July 27, 2021); *Ramos v. Semple,* No. 3:18-CV-1259(VAB), 2019 L 243781, at *4-5 (D. Conn. June 11, 2019); *Tyson v. Clifford*, No. 3:18-CV01600(JCH), 2018 WL 6727538 (D. Conn. Dec. 21, 2018). In *Tyson*, the court dismissed as being devoid of any arguable legal basis any claims challenging "the jurisdiction of the State of Connecticut, its courts, or Judge Clifford, or the authority of the State, through Attorney Doyle, to prosecute him for a criminal offense, based on a 'sovereign citizen' theory...." 2018 WL 6727538, at *3.

In addition, in his first ground, Petitioner asserts a claim based on the International Covenant on Civil and Political Rights. That treaty, however, does not create a private right of action. *See Alejandro v. Quiros*, No. 3:21-CV-00542(JAM), 2021 WL 5324905, at *7 (D. Conn. Nov. 16, 2021) (*citing Flores v. Southern Peru Copper Corp*., 414 F.3d 233, 262 (2d Cir. 2003)). In addition, "there is a strong presumption against inferring private rights from international treaties." *Id.* (quoting *Yuen Jin v. Mukasey*, 538 F.3d 143, 159 (2d Cir. 2008) (internal quotation marks omitted)). Accordingly, grounds 1-4, 6, and 7 are legally frivolous claims and are denied on the merits.

C. <u>Abstention</u>

Finally, Respondent argues that the court should abstain from considering Petitioner's claims under the doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971).

8

In *Younger,* the Supreme Court of the United States held that a federal court should not enjoin a pending state criminal proceeding unless an injunction was necessary to prevent immediate and irreparable harm to the criminal defendant. *Id.* at 45. The certified Clerk files submitted by Respondent show that Petitioner's state cases are ongoing.

The only two exceptions to *Younger* abstention are bad faith, and extraordinary circumstances. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002). The bad faith exception focuses on the subjective intent or motive of the state prosecutor who initiated the proceeding and considers whether the proceeding was brought in bad faith or only to harass Petitioner. *Id.* at 199. Petitioner presents no evidence suggesting that the charges were brought against him in bad faith or for harassment with "no reasonable expectation of obtaining a favorable outcome." *Id.* (internal quotation marks and citation omitted).

The extraordinary circumstances exception applies when there is "no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation" and where "the litigant will suffer 'great and immediate' ham if the federal court does not intervene." *Id.* at 201 (citation omitted). Petitioner can challenge any conviction on direct appeal to Connecticut's state courts of review. Thus, he has a state remedy for any constitutional violations occurring in connection with his prosecution. In addition, Petitioner does not identify any great and immediate harm if this court does not intervene. Courts have held that the burden of defending against criminal charges does not constitute irreparable harm. *See, e.g., Davis v. Lansing*, 851 F.2d 72, 77 (2d Cir. 1988).

Petitioner alleges no facts suggesting a viable exception to *Younger* abstention. Thus, the court abstains from addressing Petitioner's claims. *See Allen v. Maribal*, No.

11-CV-2638(KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (declining to consider pretrial speedy trial motion asserted in section 2241 petition because to do so would "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court") (quoting *Braden*, 410 U.S. at 493 (internal quotation marks omitted)); *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982) ("The writ of habeas corpus ... was never conceived to be the means by which a state proceeding can be aborted or a decree by which the orderly functioning of the State's judicial processes can be disrupted.  Nor is the federal habeas corpus to be converted into a pretrial motion forum for state prisoners.") (quotation marks and citation omitted).

### III. Conclusion

The motion to dismiss the habeas corpus petition (ECF No. 10) hereby is **GRANTED.** The Clerk of Court kindly is directed to please close this case.

The court concludes that an appeal from this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

**IT IS SO ORDERED** at Hartford, Connecticut, this 18th day of May, 2023.

/s/
OMAR A. WILLIAMS
United States District Judge